UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RANDY L. MCKELLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV737 JCH |
| | ) | |
| MICHAEL BOWERSOX, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Amended Motion for Stay and Abeyance ("Motion for Stay"), filed on December 7, 2011. (ECF No. 17). The Court notes Plaintiff's original Motion for Stay and Abeyance (ECF No. 9), filed on August 4, 2011, is superceded by Plaintiff's amended motion. Plaintiff's original motion will therefore be denied as moot. Additionally, the Court will treat Respondent's Response to Motion for Stay and Abeyance/Motion to Dismiss ("Motion to Dismiss," ECF No. 11), which Respondent filed in response to Plaintiff's original Motion for Stay (ECF No. 9), as a motion to dismiss.

## BACKGROUND

On March 24, 2006, Petitioner was convicted by a jury in the Circuit Court of Mississippi County, Missouri, of first-degree murder and armed criminal action. (Motion to Dismiss, ¶ 1; McKeller v. State of Missouri, ECF No. 11-1, p. 4). On his direct appeal of his conviction, Petitioner raised three issues: the admission of the testimony of Petitioner's co-defendant from Petitioner's first trial (which ended in a hung jury and a mistrial), the admission of the testimony of a witness as to statements Petitioner made to the victim, and the admission of the testimony of a witness as to statements made by Petitioner's co-defendant in Petitioner's presence. (Motion to Dismiss, ¶ 2). On

March 11, 2008, the Missouri Court of Appeals affirmed Petitioner's conviction in State v. McKeller, 256 S.W.3d 125 (Mo. Ct. App. 2008).  (Id.).

Petitioner filed a pro se Rule 29.15 motion on June 9, 2008.  (McKeller v. State of Missouri, p. 4).  An attorney was appointed for Petitioner, and the attorney filed an amended motion on September 8, 2008. (Id.).  The amended motion wholly superseded the pro se motion.  See Norville v. State, 83 S.W.3d 112, 114 (Mo. Ct. App. 2002).  After an evidentiary hearing on the amended motion, Petitioner's motion was denied.  (McKeller v. State of Missouri, pp. 4, 5).

On appeal of the denial of his Rule 29.15 motion, Petitioner alleged his trial counsel was ineffective in the following ways: 1) failing to object to inconsistencies between the State's theory in Petitioner's trial and in his co-defendant's trial; 2) failing to properly investigate and present evidence regarding deals witnesses received in exchange for their testimony in Petitioner's case; 3) failing to object to alleged hearsay evidence from two witnesses; 4) failing to challenge for cause or peremptorily strike two jurors; and 5) failing to include a claim in the motion for new trial that the trial court erred by sustaining the State's objection to the admission of an inconsistent statement from one of the State's witnesses.  (Motion to Dismiss, ¶ 3).  Petitioner also alleged the prosecutor engaged in misconduct by not correcting a State's witness who testified differently at trial than in prior hearings.  (Id.).  The Missouri Court of Appeals affirmed the denial of Petitioner's motion. (Id.).

Petitioner's federal habeas petition contains all of the claims Petitioner raised in his direct appeal of his conviction and his appeal of the denial of his Rule 29.15 motion.  Petitioner acknowledges his federal habeas petition also contains two claims that he did not previously raise in either of these state court proceedings: first, that the prosecutor engaged in misconduct by talking to Petitioner's co-defendant without the consent of the co-defendant's attorney (Ground VIII), and

second, that one of the attorneys who represented Petitioner during pre-trial proceedings also represented one of the witnesses in the case (Ground IX).  (Id., ¶ 5; Amended Petition, ECF No. 5, pp.48-54).  Petitioner asserts he raised both of these claims, in addition to the other claims raised in this federal habeas corpus action, in his currently pending state habeas corpus action.  (Motion for Stay, p. 2).  Petitioner requests that this Court stay and abey this action while he seeks to litigate his unexhausted claims in state court.  Respondent requests that this Court dismiss the Amended Petition or, in the alternative, deny Petitioner's unexhausted claims on the merits.

## ANALYSIS

"Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."  Rhines v. Weber, 544 U.S. 269, 277 (2005).  Entitlement to a stay requires not only consideration of whether the petitioner had good cause for his failure to exhaust but also whether his unexhausted claims are "plainly meritless," whether the claims are potentially meritorious, and whether the petitioner engaged in intentionally dilatory litigation tactics.  Id., at 277-78.

A federal district court reviewing a state conviction in a habeas proceeding may consider only those claims which the petitioner has presented to the state court in accordance with state procedural rules.  Gilmore v. Armontrout, 861 F.2d 1061, 1065 (8th Cir. 1988) (citing Engle v. Isaac, 456 U.S. 107, 135 (1982)).  This requirement implicates consideration of both the question of whether the petitioner has exhausted all remedies available in the courts of the state at the time the federal habeas corpus petition is filed and whether the petitioner has preserved his claims for federal habeas corpus review by complying with state procedural rules regarding their presentation.  Id. (citing Engle, 456 U.S. at 125, 126 n.28).  A federal court may reach the merits of a procedurally barred claim only if

the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged

violation of federal law or that failure to consider the claims will result in a fundamental miscarriage

of justice.  Osborne v. Purkett, 411 F.3d 911, 919 (8th Cir. 2005) (citing Coleman v. Thompson, 501

U.S. 722, 750 (1991)).

Here, Petitioner admits he failed to raise the claims in Ground VIII and Ground IX in state

court prior to filing this action and acknowledges he only raised these claims in a subsequently filed

state habeas action.  Accordingly, the claims in Ground VIII and Ground IX are unexhausted and

procedurally defaulted.[1]  See Osborne, 411 F.3d at 919; Gilmore, 861 F.2d at 1065.  In denying

Petitioner's state habeas petition, the state court found Petitioner could not show cause for

procedurally defaulting on his claims in Ground IX, as Petitioner knew about the factual basis for the

claims in Ground IX at the time of his direct appeal because he informed his direct appeal attorney

about the facts in a letter.  (McKeller v. Bowersox, p. 3).  The state court also noted that Petitioner

could not show prejudice from the procedural default of his claims in Ground VIII, as his co-

defendant did not testify at Petitioner's trial and could not have been impeached with the ex parte

conversation he allegedly had with the prosecutor.  (Id.).  Therefore, the Court finds Petitioner cannot

show both cause for defaulting on the claims in Ground VIII and Ground IX and prejudice resulting

from these purported constitutional violations, and the Court will not reach the merits of these claims.

Furthermore, in the absence of evidence of Petitioner's actual innocence of the crimes he was

convicted of so as to show a miscarriage of justice, the Court finds the merits of Petitioner's

---

[1]Additionally, on October 3, 2011, Petitioner's state habeas action was denied in part
because the state court found that Petitioner had defaulted on these two claims.  (See McKeller v.
Bowersox, Case No. 11TE-CC00167, ECF No. 19-11, p. 1) ("McKeller defaulted on his
remaining claims by failing to raise them at trial, on direct appeal, or in his post-conviction relief
action.").

procedurally barred claims cannot be considered.  See Murray v. Carrier, 477 U.S. 478, 496 (1986) ("...[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.").  As a result, the Court finds the petition is not subject to stay and abeyance under Rhines.

Habeas petitions raising both exhausted and unexhausted claims cannot proceed.  See Rose v. Lundy, 455 U.S. 509 (1982).  When faced with a mixed petition, a district court has four options: dismiss the petition without prejudice; stay the petition pending the outcome of state proceedings under Rhines, allow the petitioner to delete all unexhausted claims and proceed on the remainder, or—if the unexhausted claims are meritless—deny them under 28 U.S.C. § 2254(b)(2).  McLaughlin v. Shannon, No. 10-3537, 2011 WL 6093408, at *2 (3rd Cir. Dec. 8, 2011) (citing Rhines, 544 U.S. at 277–78).  As indicated above, the Court declines to grant Petitioner's request for a stay.  Respondent argues the Court should dismiss the Amended Petition or, in the alternative, deny Petitioner's unexhausted claims on the merits.  The Court also declines to dismiss the Amended Petition or address the merits of the unexhausted claims.  Therefore, the Court will grant Petitioner leave to amend his petition to delete his unexhausted claims.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Amended Motion for Stay and Abeyance (ECF No. 17) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner is granted leave to filed an amended Petition eliminating his unexhausted and defaulted claims.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Stay and Abeyance (ECF No. 9) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Respondent's Response to Motion for Stay and Abeyance/Motion to Dismiss is **DENIED**.

Dated this __9th__ day of March, 2012.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE