UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RANDY MCKELLER, ) | |
| ) | |
| Petitioner(s), ) | |
| ) | |
| vs. ) | Case No. 4:11CV737 JCH |
| ) | |
| MICHAEL BOWERSOX, ) | |
| ) | |
| Respondent(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion for Discovery, filed on January 7, 2013. (ECF No. 30). This motion has been fully briefed and is ready for disposition.

## BACKGROUND

On March 24, 2006, Petitioner was convicted by a jury in the Circuit Court of Mississippi County, Missouri, of first-degree murder and armed criminal action. (McKeller v. State of Missouri, ECF No. 11-1, p. 4). On his direct appeal of his conviction, Petitioner raised three issues: 1) the admission of the testimony of Petitioner's co-defendant, Justin Robinson, from Petitioner's first trial (which ended in a hung jury and a mistrial); 2) the admission of the testimony of Dion Savage as to statements Petitioner made to the victim; and 3) the admission of the testimony of Casey Blackmon as to statements made by Justin Robinson in Petitioner's presence. On March 11, 2008, the Missouri Court of Appeals affirmed Petitioner's conviction in State v. McKeller, 256 S.W.3d 125 (Mo. Ct. App. 2008).

Petitioner filed a pro se Rule 29.15 motion on June 9, 2008. (McKeller v. State of Missouri, p. 4). An attorney was appointed for Petitioner, and the attorney filed an amended motion on September 8, 2008. (Id.). The amended motion wholly superseded the pro se motion. See Norville

v. State, 83 S.W.3d 112, 114 (Mo. Ct. App. 2002).  After an evidentiary hearing on the amended motion, Petitioner's motion was denied.  (McKeller v. State of Missouri, pp. 4, 5).

On appeal of the denial of his Rule 29.15 motion, Petitioner alleged his trial counsel was ineffective in the following ways: 1) failing to object to inconsistencies between the State's theory in Petitioner's trial and in Mr. Robinson's trial, 2) failing to properly investigate and present evidence regarding deals Elgin Hunt and Brandon Johnson received in exchange for their testimony in Petitioner's case, 3) failing to object to alleged hearsay evidence from Mr. Savage and Ms. Blackmon, 4) failing to challenge for cause or peremptorily strike two jurors (Darla Carlyle and Susan Hubbard), and 5) failing to include a claim in the motion for new trial that the trial court erred by sustaining the State's objection to the admission of an inconsistent written statement from Ms. Blackmon.  Petitioner also alleged the prosecutor engaged in misconduct by not correcting Ms. Blackmon and Mr. Hunt after they testified differently at trial from prior deposition and trial testimony.  The Missouri Court of Appeals affirmed the denial of Petitioner's motion.

Petitioner's Second Amended federal habeas petition ("Second Amended Petition") contains all of the claims Petitioner raised in his direct appeal of his conviction and his appeal of the denial of his Rule 29.15 motion.  Petitioner's First Amended federal habeas petition ("First Amended Petition") also contained two claims (Ground VIII and Ground XI) that he did not previously raise in either of the state court proceedings, but pursuant to this Court's order, Petitioner has not included these two unexhausted claims in his Second Amended Petition.  Ground VIII alleged that the prosecutor, Paul Boyd, engaged in misconduct by talking to Mr. Robinson without the consent of Mr. Robinson's attorney, Ellen Flottman, and Ground IX alleged that Michael Lawrence, one of the attorneys who represented Petitioner during pre-trial proceedings, also represented Mr. Johnson.

In his Motion for Discovery, Petitioner requests the following items: 1) "[d]ocuments and information related to complaint filed by Ellen H. Flottman File # 07-1468", 2) "[d]ocumantation [sic] showing the number of visits and communications that took place between Mr. Robinson and Prosecutor Boyd with out [sic] his attorney's knowledge or consent", 3) "[d]ocuments and information related to two signed hand written [sic] letter [sic] from Elgin Hunt to Petitioner and Petitioner's counsel", and 4) "[d]ocuments and information related to the state providing witnesses deals or leniency in exchange for there [sic] testimony."

## ANALYSIS

A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course.  Bracy v. Gramley, 520 U.S. 899, 904 (1997).  Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."

Upon consideration, the Court finds Petitioner has not demonstrated good cause to conduct the discovery that he seeks.  Petitioner's first two discovery requests seek documents and information related to Ground VIII of Petitioner's First Amended Petition, which Petitioner did not include in his Second Amended Petition because he had not exhausted that claim.  Petitioner's remaining discovery requests seek information that has been sufficiently presented in the record before the Court.  Petitioner's Motion for Discovery will therefore be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Discovery (ECF No. 30) is **DENIED**.

Dated this 8th day of July, 2013.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE